THE PEOPLE OF THE STATE OF NEW YORK ex rel. ORVILLE CROUSE, Appellant, *v.* THE BOARD OF SUPERVISORS of Fulton County, Respondent.

*Mandamus — order to show cause — duty of the board of supervisors to pay a judgment for costs in a bastardy proceeding.*

An order granted at a Special Term of the Supreme Court or by a judge at Chambers, upon a petition or affidavit presented by a relator, requiring the person, officer or board to whom the order is directed, to do the thing asked for by the relator, or to show cause at a Special Term why such order or mandamus should not be made peremptory, takes the place of a notice and is to be deemed merely an application for a mandamus and not in itself an alternative mandamus, and is not subject to the provision of section 2072 of the Code of Civil Procedure which requires an alternative mandamus to be made returnable twenty days after service thereof.

Such an order to show cause may be made by a judge or Special Term in any part of the State of New York, provided it is made returnable at a Special Term held in the judicial district embracing the county wherein an issue of fact joined upon the alternative writ of mandamus which may be granted on the return of the order to show cause would be triable.

When a county board of supervisors fails and neglects to provide for the payment of a judgment of the County Court of Sessions for costs on appeal in a bastardy proceeding, rendered against a town which is liable for the support of its own poor, the person in whose favor the judgment was rendered is entitled to a mandamus to compel the board of supervisors of the county to provide for its payment.

APPEAL by the relator, Orville Crouse, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of Fulton county on the 28th day of January, 1893, denying the relator's application for a mandamus to compel the board of supervisors of Fulton county to audit and provide for

the payment of a judgment of the Court of Sessions of Fulton county in favor of the relator and against the town of Johnstown, Fulton county, for costs.

The order to show cause, granted at the Herkimer Special Term on January 10, 1893, on the return day of which the above-mentioned order was made, was as follows:

" Ordered, that the supervisors of the several towns and cities in Fulton county, State of New York, convene in session as a board of supervisors of said county of Fulton, and that they and said board of supervisors be, and they hereby are directed and required to audit and allow and properly provide for the payment of the judgment of the said Orville Crouse, together with interest, costs and charges to the time of such payment.

" And it is further ordered that said supervisors convene and comply with the terms hereof on or before the 21st day of Jan., 1893, and serve a notice of their action or determination on said judgment on Frank B. Towman, Esq., the attorney for the relator herein, or that they show cause before this court at a Special Term thereof appointed to be held at the Chambers of the justice in the city of Amsterdam, Montgomery county, N. Y., on the fourth Tuesday in (24th day of) January, 1893, at the opening of the court on that day (10 o'clock A. M.) why this order or mandamus should not be made peremptory.

"And it is further ordered that the services of this order or mandamus be made," etc.

*Frank B. Towman*, for the appellant.

*Andrew J. Nellis*, for the respondent.

HERRICK, J.:

In an action or proceeding prosecuted by the overseer of the poor of the town of Johnstown, Fulton county, against the relator, Orville Crouse, in the Court of Sessions of Fulton county, a judgment was recovered in favor of Crouse, against the town of Johnstown for costs in the sum of $170.75.

The said judgment or a certified copy of the docket thereof, was duly presented to the board of supervisors of Fulton county, for

audit, allowance and payment; but such board of supervisors adjourned *sine die*, without in anywise acting upon such judgment.

The relator thereafter applied to a Special Term of this court, held in the county of Herkimer on the 10th day of January, 1893, and procured an order, directing the board of supervisors of the county of Fulton to convene in session, and audit and allow and provide for the payment of such judgment on or before the 21st day of January, 1893, or that they show cause at a Special Term of the court, appointed to be held at Chambers in the city of Amsterdam, Montgomery county, on the 24th day of January, 1893, why such order or mandamus should not be made peremptory.

The board of supervisors demurred to the order obtained at the Herkimer County Special Term; the same came on to be heard at the Special Term held in Montgomery county on the 24th day of January, 1893, and upon such hearing the learned justice holding the term held that the papers failed to show that the relator was entitled to relief, and denied the application for a mandamus.

No objection was made that a mandamus was not the proper remedy for the relief sought by the relator.

The objection, however, was raised by the defendants that the order granted by the Herkimer County Special Term was in itself an alternative mandamus; that the Special Term had no right to grant it; that it was made returnable in too short a time, and that it was not under the seal of the court. It was, however, properly regarded, I think, by the learned justice holding the Montgomery Special Term, merely as an application for a mandamus.

While the order granted may, perhaps, be criticised as to form, and while it speaks of itself as an "order of mandamus," still, I think, that in substance it was an order to show cause why a mandamus should not be granted.

Section 2067 of the Code of Civil Procedure provides that an alternative writ of mandamus may issue upon an affidavit or other written proof, and either with or without previous notice.

A practice has grown up, based upon the common-law practice, of applying to the court or a judge in Chambers, upon petition or affidavit, for an order requiring the person, officer or board to whom it is directed, to do the thing asked for by the relator, or to show cause at a Special Term why a mandamus should not issue compelling

the person, officer or board to do the thing specified in the order; then upon the return day, if the thing has not been done and there is no dispute as to the facts, a peremptory mandamus is issued in the form required by the Code. If the facts are disputed, an alternative writ of mandamus is granted in the form and manner and returnable as prescribed by chapter 16, title 2, article 4 of the Code of Civil Procedure.

This practice is convenient; the order to show cause takes the place of, and is, in fact, a notice, and, in many instances, results in bringing the controversy to a termination much quicker than if an alternative mandamus was issued in the first instance, returnable in twenty days after the service thereof, as required by section 2072 of the Code.

This practice enables parties to move promptly to obtain the relief they seek; it affords the party proceeded against an opportunity to comply with the demands of the relator, if he has no defense in fact or law, and is, I think, a compliance with that portion of section 2067 of the Code which says that an alternative writ may be granted "either with or without previous notice of the application as the court thinks proper."

If, upon the hearing of such order to show cause, there is no dispute as to the facts, but simply a question of law, and a peremptory mandamus is issued, I think it comes within section 2070 of the Code, the order to show cause having fulfilled all the offices of, and being, in fact, a notice of the application.

While the order to show cause herein was granted by a judge, and at a Special Term, out of the district embracing the county wherein an issue of fact, joined upon the alternative writ of mandamus would be tried, still it was made returnable at a Special Term in the proper district. If the application for the mandamus itself was made in the proper district I can see no objection to a judge or Special Term in any part of the State making an order to show cause for the purposes in question, provided it is made returnable at a Special Term held in the district embracing the county wherein the issue of fact joined upon the alternative writ of mandamus would be triable.

While, as before stated, the order to show cause herein is not in very good form, and contains some of the phraseology and directions of a mandamus, yet it is not a mandamus, but an order to show

cause why one should not be granted, and the practice followed by the relator in this case I think is substantially correct.

The other objection raised is as to the judgment that the relator seeks to have the defendants audit and allow.

The judgment purports to be a judgment of the Fulton County Court of Sessions, and the claim is that the Court of Sessions is a Criminal Court, and has no jurisdiction to render a civil judgment. I think this objection is without force. Chapter 2, section 39 of the Code of Criminal Procedure, defines the jurisdiction of Courts of Sessions. Subdivision 3 of such section provides that they shall have jurisdiction, "To hear and determine appeals from orders of justices of the peace under the provisions of law respecting the support of bastards." Section 861 of the Code of Criminal Procedure provides that a person who feels himself aggrieved by an order of the magistrates in bastardy proceedings, may appeal to the Court of Sessions of the county. Section 873 of the same Code directs that the costs must be awarded in favor of the party in whose favor the appeal is determined. That section also directs the manner in which such costs are to be paid, when awarded against the overseer of the poor of a town not liable for the support of its own poor. Section 874 of the same Code provides that in other cases the payment of the costs may be enforced by the court as in civil actions. It will thus be seen that Courts of Sessions have power to award costs, and to enforce their payment, as in civil actions. Section 3 of chapter 155 of the Laws of 1886 provides that the towns in the county of Fulton shall be liable for the support of their own poor, so that we have here a case where the payment of costs is to be enforced by the court as in a civil action.

Second Revised Statutes, 474, sections 102, 103 (Birdseye's Statutes, pp. 26, 27, §§ 82, 83), provides for the payment by boards of supervisors of judgments for any debt, damages or costs obtained against any town, the supervisor or the overseers of the poor thereof.

It seems to me, therefore, that a Court of Sessions having jurisdiction to award costs, and to enforce their payment, as in a civil action, and a judgment for costs having been rendered by the court against the town of Johnstown, and it being made the duty of the board of supervisors to provide for the payment of judgments against the town, and the defendants having failed and neglected to make pro-

vision for the payment of the judgment in this case, that the relator is entitled to the relief asked for.

The order of the Special Term denying the application for a mandamus should be reversed, with costs of the motion at Special Term, together with the costs of this appeal, with printing and other disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

The order of the Special Term denying the application for a mandamus reversed, with costs of the motion at Special Term, together with the costs of this appeal, with printing and other disbursements.